IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| **JEFFREY J. PROSSER,** | ) | Bankr. No. 3:06-bk-30009 |
| | ) | |
| Debtor. | ) | Adv. Pro. 3:07-ap-03010 |
| _____ | ) | |
| **STAN SPRINGEL, CHAPTER 11 TRUSTEE** | ) | Civil No. 3:18-cv-00102 |
| **OF THE BANKRUPTCY ESTATE OF** | ) | |
| **INNOVATIVE COMMUNICATION** | ) | |
| **CORPORATION AND JAMES P. CARROLL,** | ) | |
| **CHAPTER 7 TRUSTEE OF THE** | ) | |
| **BANKRUPTCY ESTATE OF JEFFREY J.** | ) | |
| **PROSSER,** | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFREY J. PROSSER, et al.** | ) | |
| | ) | |
| Defendants/Appellants. | ) | |
| | ) | |

**APPEARANCES:**

**Bernard C. Pattie, Esq.**
Law Offices of Bernard C. Pattie, P.C.
Christiansted, VI

**William H. Stassen, Esq.**, *Pro Hac Vice*
**Elizabeth Viele, Esq.**, *Pro Hac Vice*
Fox Rothschild LLP
New York, NY
    *For Plaintiff/Appellant*
    *Chapter 7 Trustee James P. Carroll,*

**Lawrence H. Schoenbach, Esq.**,
New York, NY

**Norman A. Abood, Esq.**
Toledo, OH

**Robert F. Craig, Esq.**,
Omaha, NE
      *Counsel for Plaintiff/Appellant Jeffrey J. Prosser*

**Dawn E. Prosser,** *Pro Se Plaintiff/Appellant*
Palm Beach, FL

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

      **BEFORE THE COURT** is the Notice of Appeal, (ECF No. 1) and Appellants' Brief (ECF No. 5), filed on behalf of Defendants/Appellants Jeffrey J. Prosser and Dawn E. Prosser (collectively Appellants or the Prossers), from an order entered by the Bankruptcy Division of the District Court of the Virgin Islands (Bankruptcy Court). The Chapter 7 Bankruptcy Trustee (Trustee) filed a brief in opposition (ECF No. 16). This matter is ripe for adjudication. For the reasons set forth below, the Court will deny the appeal and affirm the Order entered by the Bankruptcy Court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

      This matter is ancillary to the cases in this Court assigned Case No. 3:2013-cv-00087 consolidated with Case No. 3:2013-cv-00010, Case No. 3:2013-cv-00056, and Case No. 3:2013-cv-00057, involving sanctions entered against the Prossers. The background facts are recited in the Court's Memorandum Opinions (Mem. Ops.) in Case No. 3:13-cv-00087 (ECF Nos. 58 and 109), entered February 23, 2017, and June 19, 2018, respectively (the latter reported at *In re Prosser*, Civil Action No. 3:2013-0087; Civil Action No. 3:2013-0010; Civil Action No. 3:2013-0056; Civil Action No. 3:2013-0057, 2018 U.S. Dist. LEXIS 101919 (D.V.I. June 19, 2018)), and will not be reiterated here.

      The Court's June 19, 2018 Opinion notes that the Court had affirmed the Bankruptcy Court's levying of contempt fees and sanctions against the Prossers in its February 23, 2017 opinion and order, but, upon subsequent supplemental briefing and hearing, reverses the Bankruptcy Court's order compelling the Prossers to transfer the Anna's Hope Property to the Trustee, which he could then sell and apply the proceeds to pay the contempt fees and sanctions. Mem. Op. (3:13-cv-0087, ECF No. 109) at 7-8, 18-19. The matter was remanded to

the Bankruptcy Court.[1] Upon remand, in response to the directives of the District Court's June 19, 2018 memorandum opinion and order, and its incorporation of its February 23, 2017 memorandum opinion and order (*see* Order, 3:13-cv-0087, ECF No. 108 at 2), the parties filed a Stipulated Order Regarding the Anna's Hope Property (3:07-ap-3010, ECF No. 1172),[2] which the Bankruptcy Court accepted and approved. *See* 3:07-ap-3010, ECF No. 1173, signed August 23, 2018, entered August 24, 2018.

Between this Court's February 23, 2017, and June 19, 2018, Orders, faced with the Prossers' continued noncompliance with the contempt and sanctions orders and this Court already having determined that the proceeds from the sale of exempt property could not be used by the Trustee to pay the Trustee's administrative expenses, *see* Mem. Op. (3:13-cv-0087, ECF No. 58) at 63, the Trustee took steps to reduce the sanctions orders to a judgment. *See* Chapter 7 Trustee's Motion to Convert Sanctions Orders to Judgment (3:07-ap-3010, ECF No. 1162 and 3:06-bk-30009, ECF No. 4709, filed November 28, 2017). Despite the Prossers' opposition to the motion, the Bankruptcy Court granted the motion and entered Judgment in the Trustee's favor. *See* Order Converting Sanctions Orders into Judgments (Judgment) (3:07-ap-3010, ECF No. 1166 & 3:06-bk-30009, ECF No. 4727), filed February 16, 2018. The Prossers did not appeal the entry of judgment. *See* Chapter 7 Trustee and Fox Rothschild LLP's Response in Opposition to Emergency Motion for a Mandatory Injunction (Direction)

---

[1] After this Court entered its June 19, 2018 order and opinion (Case No. 3:13-cv-00087 (D.V.I.), ECF Nos. 108 and 109) reversing the Bankruptcy Court's order regarding the sale of the Anna's Hope Property and remanding the matter to the Bankruptcy Court, but before the Bankruptcy Court considered the matter upon remand, the Prossers again sought relief from this Court:

> By the instant Motion for Injunction, this Court is not being asked to review a judgment, order, or decree of the Bankruptcy Court. Instead, under the rubric of seeking to have this Court "enforce its [own] order[s] and also, hold parties in contempt," (Dkt. No. 111 at 4), the Prossers are, in effect, circumventing the Bankruptcy Court's jurisdiction to adjudicate issues that fall squarely within the scope of this Court's remand Order. This Court will decline the Prossers' invitation to adjudicate, as an original matter, issues that properly fall within the Bankruptcy Court's jurisdiction. The case has been remanded to the Bankruptcy Court, "subject only to the appellate rights of any party aggrieved by an appealable order." *Klein v. Ziegler*, 82 B.R. 345, 346 (E.D. Pa. 1988). Accordingly, without ruling on the merits, the Court will deny the Prossers' "Emergency Motion for a Mandatory Injunction, and for Contempt Against Respondent James P. Carroll, Trustee, and Respondent Fox Rothschild LLP" (Dkt. No. 110) and "Motion for [] Expedited Proceedings" (Dkt. No. 112), as improperly before this Court.

*In re Prosser*, Civil Action No. 3:2013-0087; Civil Action No. 3:2013-0010; Civil Action No. 3:2013-0056; Civil Action No. 3:2013-0057, 2018 U.S. Dist. LEXIS 152928, *7-9 (D.V.I. Sept. 7, 2018) (Order, 3:13-cv-00087, ECF No. 117 at 5-6).

[2] The parties also agreed to waive any right to appeal the Stipulated Order. ECF No. 1172 at 7, ¶ 3.

against Respondent, James P. Carroll, Trustee, and Respondent, Fox Rothschild LLP (Resp. to Mtn. for Inj.) (3:06-bk-30009, ECF No. 4787) at 6. The Trustee recorded the said Judgment against the Anna's Hope Property with the Recorder of Deeds on June 27, 2018. *Id*. at 5. This action by the Trustee prompted the Prossers to file an emergency motion for injunctive relief with the Bankruptcy Court.

The emergency motion sought an "Order directing Trustee Carroll to execute any and all documents as may be required by Movants and their counsel to provide title clear of any liens . . . to an existing contracted purchaser of Estate Anna's Hope, Lot No. 171" and "to execute any and all documents necessary to relinquish any claim to the sales proceeds from Lot 171 other than those that are required to clear the agreed upon lien for taxes the Trustee paid relative to that property." *See* Emergency Motion for a Mandatory Injunction (Direction) against Respondent, James P. Carroll, Trustee, and Respondent, Fox Rothschild LLP (Mot. For Inj.) (3:07-ap-3010, ECF No. 1174 and 3:06-bk-30009, ECF No. 4779, filed September 13, 2018) at 1-2.[3],[4] After the matter was fully briefed and a hearing held, the Bankruptcy Court denied the Prossers' motion, by Order entered November 20, 2018 (*see* Order Denying Jeffrey J. Prosser & Dawn E. Prosser's Emergency Motion for a Mandatory Injunction (Direction) against Respondent, James P. Carroll, Trustee, and Respondent, Fox Rothschild LLP (Order Den. Inj.) (3:07-ap-3010, ECF No. 1186 & 3:06-bk-30009, ECF No. 4803)),[5] which is the order the Prossers are appealing, here, in the matter at bar.

---

[3] The Trustee and Fox Rothschild LLP submitted a response in opposition (*see* Chapter 7 Trustee and Fox Rothschild LLP's Response in Opposition to Emergency Motion for a Mandatory Injunction (Direction) against Respondent, James P. Carroll, Trustee, and Respondent, Fox Rothschild LLP and Cross Motion to Enforce Stipulated Order (Resp. to Mot. for Inj.) (3:06-bk-30009, ECF No. 4787), filed October 4, 2018), and the Prossers filed a Supplemental and Reply Memorandum (3:07-ap-3010, ECF No. 1182 & 3:06-bk-30009, ECF No. 4789, filed October 9, 2018). The Bankruptcy Court held a hearing upon the motion on October 11, 2018. *See* Proceeding Memo, 3:06-bk-30009, ECF No. 4791, filed October 11, 2018.

[4] Before the Bankruptcy Court made a determination upon the said motion, apparently impatient with waiting for such a ruling, the Prossers again sought relief from this Court by filing a Petition for a Writ of Mandamus in Case No. 3:13-cv-00087 (ECF No. 118) on October 15, 2018. The Court entered its memorandum opinion and order denying the writ on November 14, 2018 (3:13-cv-0087, ECF Nos. 122 & 123) (reported at *Springel v. Prosser (In re Prosser)*, Civil Action No. 3:2013-0087; Civil Action No. 3:2013-0010; Civil Action No. 3:2013-0056; Civil Action No. 3:2013-0057, 2018 U.S. Dist. LEXIS 193752 (D.V.I. Nov. 14, 2018)).

[5] The Bankruptcy Court denied the motion in a ruling from the bench during the November 11, 2018, hearing. The written order was drafted by counsel for the Trustee and then signed and entered by U.S. Bankruptcy Judge Mary F. Walrath on November 20, 2018. *See* Certification of Counsel Regarding Proposed Order (3:07-ap-3010, ECF No. 1184 & 3:06-bk-30009, ECF No. 4800), filed November 15, 2018. Counsel for Jeffrey J. Prosser, Debtor, also submitted a proposed order, which was not adopted by the court. *See* Certification of Counsel Regarding Proposed Order (3:07-ap-3010, ECF No. 1184), filed November 16, 2018.

## II. LEGAL STANDARD

As a preliminary matter, this Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). The Court has plenary authority to review the Bankruptcy Court's legal rulings but cannot disturb its factual findings unless it committed clear error. *See, e.g., In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

Reviewing the record in this case for plain error, the Court finds no error of law. As the Order at issue states, the "Trustee's recording of the judgment . . . is not an exercise of bankruptcy court jurisdiction but is in the normal course of judgment collection procedures for a post-petition debt under Virgin Islands law . . .." Order Den. Inj. (3:07-ap-3010, ECF No. 1186 and 3:06-bk-30009, ECF No. 4803) at 1-2. Nothing in the Prosser's appeal brief persuades the Court that the Bankruptcy Court's said finding is in error. Consequently, the Court finds that the Prossers have failed to raise any substantial question in their appeal, and the Court will affirm the denial of the motion for an injunction.

## III. DISCUSSION

The Prossers outline seven issues in their appeal:

ISSUE 1: Is 11 U.S.C. § 522(k) a statutory bar that prohibits the Trustee from surcharging exempt property or the proceeds from the sale of exempt property to pay damages to the estate?

ISSUE 2: Since the law of the case prohibits the use of the Code § 105(a) to surcharge exempt property to pay the Contempt Fees Order, does the change in form, i.e., from an order to a Judgment, by reason of the conversion of an Order to a Judgment ("Sanction Judgment"), circumvent this prohibition? Stated differently, is the prohibition a matter of form or is the prohibition a matter of substance?

ISSUE 3: Since the law of the case prohibits the use of the Code § 105(a) power to surcharge exempt property to pay the Supplemental Sanctions Order, does the change in form, i.e., from an order to a Judgment, by reason of the conversion of an Order to the Sanction Judgment, circumvent this prohibition? Stated differently, is the prohibition a matter of form or is the prohibition a matter of substance?

ISSUE 4: Can the Code § 105(a) general power be used to issue a judgment when specific and explicit provisions of Code § 522 immunizes the exempt property from surcharge because "exemptions in bankruptcy cases are part and parcel of the fundamental bankruptcy concept of a fresh start"? Schwab v. Reilly, 560 U.S. 770, 791, 130 S. Ct. 2652, 2667 (2010).

> ISSUE 5: Does an appeal of a Bankruptcy Court Orders, i.e., the Contempt Fees Order and the Supplemental Sanctions Order, coupled with the District Court's issuance of a Fed. R. Civ. P. 62(d) Stay Order deprive the Bankruptcy Court of the derivative jurisdiction to consider and grant the Trustee's Motion to Convert the Sanction Orders [the appealed orders] to Judgment
>
> ISSUE 6: When the Sanction Judgment was issued the Trustee was both the owner of the exempt property and the beneficiary of the Sanction Judgment. Given the foregoing, does the execution of quitclaim deeds purporting to convey all of the Trustee's interest in the exempt property operate as a release of any claim the Trustee has against the exempt property premised upon the Sanction Judgment?
>
> ISSUE 7: Is the assertion of pre-existing, Sanction Judgment after the conveyance of all the grantor's interest in the exempt property by quitclaim deed, intentional interference with the Prossers' use and enjoyment of exempt property within the meaning of Restat 2d of Torts § 871 (2nd 1979).

Appellants' Brief (ECF No. 5 at 2-4).

The Court agrees with the Trustee that the first four enumerated issues are an improper collateral attack on the Judgment entered by the Bankruptcy Court. *See* Appellee Chapter 7 Trustee Appeal Brief (Appellee's Brief) (ECF No. 16) at 6. The Prossers had the opportunity to raise these issues before the Judgment was entered and, subsequently, upon appeal of the Judgment. As stated by the Trustee, the proper avenue for disputing the Judgment would have been an appeal. The Prossers failed to do so, and now attempt to undo such failure. However, the failure to appeal deprives the Court of authority to review the Judgment and forecloses the Prossers' improper collateral attacks.

Regarding the Prossers' fifth Issue, the Court finds that the appeal filed and stay issued in Case No. 3:13-cv-0087 (D.V.I.) did not deprive the Bankruptcy Court of jurisdiction to consider and enter the Judgment at issue. As noted herein, the Court affirmed the Bankruptcy Court's sanctions orders regarding the basis for and amount of the sanctions. *See* Order (3:13-cv-0087, ECF No. 59), entered February 23, 2017. Further, the stay imposed by the Court's previous order (3:13-cv-0087, ECF No. 23, entered Nov. 15, 2013) and continued by the February 23, 2017, Order, enjoined the Trustee from *selling* the Anna's Hope Property (*see* Memorandum Opinion (3:13-cv-0087, ECF No. 29, entered Nov. 22, 2013) at 17). Thus, the Court finds that the stay did not deprive the Bankruptcy Court from jurisdiction to hear and decide the Trustee's motion to convert sanctions orders that had been affirmed on

appeal into a judgment. In addition, the Trustee did not take any steps to sell the property, which was the conduct prohibited by the stay, and did not record the Judgment as a lien against the property until after the stay was lifted by the Court on June 19, 2018.

The final two issues as identified by the Prossers highlight their misunderstanding of the underlying order at the center of their motion for an injunction. The Court agrees with the Trustee that the Prossers apparently believe that this Court's June 19, 2018 Order "immunized exempt property from post-bankruptcy petition debts." Appellee's Brief (ECF No. 16) at 12. That reading is overly broad. As also correctly explained by the Trustee,

> this Court found that the Bankruptcy Court could not order the Prossers to transfer the Property to the Trustee to be sold to pay for the Prossers' contemptuous conduct. This Court's Order defined the scope of the Bankruptcy Court's statutory authority – not whether the Property was "immune" from collection procedures under Virgin Islands law.

Appellee's Brief (ECF No. 16) at 14. After the sanctions orders were reduced to a Judgment, the Trustee then was free to engage in any authorized procedures to collect a post-petition debt. *See, e.g., Law v. Seigel*, 571 U.S. 415, 427 (2014) (acknowledging the authority of a bankruptcy court to impose sanctions for misconduct, but upholding the Bankruptcy Code's disallowance of applying such sanctions as a surcharge against exempt property of the bankruptcy estate, then, also opining, "And because it arises post-petition, a bankruptcy court's monetary sanction survives the bankruptcy case and is thereafter enforceable through the normal procedures for collecting money judgments. See § 727(b)"), *cited in In re Prosser*, 2018 U.S. Dist. LEXIS 101919, at *25-27 (Mem. Op., 3:13-cv-0087, ECF No. 109 at 19) ("This Court's ruling herein means only that, while other means may be used to enforce a bankruptcy court's contempt order, a bankruptcy court cannot use the sale of exempt property to pay damages to the estate. *See Law*, 134 S. Ct. at 1198 (opining that, for damages arising post-petition, "a bankruptcy court's monetary sanction survives the bankruptcy case and is therefore enforceable through the normal procedures for collecting money judgments.")). The Court, itself, confirms this interpretation of its June 19, 2018, Mem. Op. and Order in its Memorandum Opinion denying the Prossers' Petition for a Writ of Mandamus, stating:

> This Court's Order did not address, or provide any protection to, the proceeds from a sale of exempt property voluntarily executed by the Prossers

> themselves. Indeed, immediately after the phrase upon which the Prossers rely, this Court—quoting from the Supreme Court's opinion in *Law*—noted that "a bankruptcy court's monetary sanction survives the bankruptcy case and is therefore enforceable through the normal procedures for collecting money judgments." *Law*, 571 U.S. at 427. (Dkt. No. 109 at 19). Thus, the premise upon which the Prossers' Mandamus Petition is grounded—that this Court "immunized" proceeds from the sale, in whatever context, of property previously declared exempt—is false. In the absence of a proper basis for mandamus, the Prossers' Petition is rendered fatally flawed.
>
> While the Prossers also argue that the Trustee's judgment issued by the Bankruptcy Court is void and/or that the quitclaim deeds executed by the Trustee released any such judgment, these issues do not directly relate to whether the Bankruptcy Court or the Trustee violated the letter or spirit of this Court's mandate. The lower court is "free to make any order or direction in further progress of the case, not inconsistent with the Mandate, as to any question not settled by the decision." *Romero v. Allstate Insurance Co.*, 170 F. Supp. 3d 779, 791 (E.D. Pa. 2016); *see also E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 370 (3d Cir. 2012) (rejecting district court's restrictions on subpoena as inconsistent with appellate mandate but permitting district court to consider cost-sharing measures which were not raised in prior appeal). Here, the remaining rulings challenged by the Prossers fall within the Bankruptcy Court's authority to further progress the bankruptcy case and to resolve new issues as they arise, including the new issue of whether the Trustees' judgment can serve as a lien on the proceeds from the debtor's voluntary sale of exempt property. Accordingly, we decline to address those issues in response to a Petition for Writ of Mandamus.

*Springel v. Prosser (In re Prosser)*, Civil Action No. 3:2013-0087; Civil Action No. 3:2013-0010; Civil Action No. 3:2013-0056; Civil Action No. 3:2013-0057, 2018 U.S. Dist. LEXIS 193752, at *13-15 (D.V.I. Nov. 14, 2018) (Mem. Op., 3:13-cv-0087, ECF No. 123 at 9-10).

The filing of the Judgment with the Recorder of Deeds by the Trustee was done in accordance with Virgin Islands law, *see* 28 V.I.C. § 130, as part of the "normal procedures for collecting money judgments" contemplated by the *Law* Court and, in turn, this Court. The Bankruptcy Court made no error of law when it found that the recording of the Judgment was "not an exercise of bankruptcy court jurisdiction but [was] in the normal course of judgment collection procedures for a post-petition debt under Virgin Islands law . . . ." Order Den. Inj. (3:07-ap-3010, ECF No. 1186 & 3:06-bk-30009, ECF No. 4803) at 1-2. Consequently, Appellants are not entitled to their requested injunctive relief.

## IV. CONCLUSION

Because the Court finds that the Bankruptcy Court made no error in denying Appellants' motion for injunction, the Court will affirm the order at issue. An appropriate Order follows.

**Dated:** June 28, 2023        */s/ Robert A. Molloy*
                                **ROBERT A. MOLLOY**
                                **Chief Judge**